UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTONIO-LUIS FRIERE,<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF JOSEPH LOMBARDO et al.,<br><br>    Defendants. | Case No.: 2:22-cv-00159-APG-EJY<br><br>**ORDER<br>and<br>REPORT AND RECOMMENDATION<br>RE: ECF No. 1-1** |

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* (ECF No. 1).

**I.    *IN FORMA PAUPERIS* APPLICATION**

On January 28, 20221, Plaintiff, a non-inmate, filed an application to proceed *in forma pauperis* together with a Civil Rights Complaint under 42 U.S.C. § 1983. ECF Nos. 1, 1-1. Plaintiff's application to proceed *in forma pauperis* is complete and is granted.

**II.    SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id*.).

1    A.    <u>Plaintiff cannot sue Clark County Detention Center or the Regional Justice Center</u>.

The Clark County Detention Center and the Regional Justice Center are buildings, not "entit[ies] capable of suing or being sued." *Yates v. NaphCare*, Case No. 2:12-cv-01865-JCM, 2013 WL 4519349, at *3 (D. Nev. Aug. 23, 2013)(dismissing plaintiff's complaint against Clark County Detention Center); *Belssner v. Nevada*, Case No. 2:15-cv-00672-APG-PAL, 2017 WL 2990848, at *1 (D. Nev. July 12, 2017)(dismissing plaintiff's complaint against the Regional Justice Center). The Court therefore recommends dismissal of Clark County Detention Center and the Regional Justice Center from this action.

B.    <u>Plaintiff fails to state a claim or assert a basis for jurisdiction</u>.

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). If the Court lacks subject matter-jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Here, while considering whether a complaint is sufficient to state a claim all allegations of material fact are taken as true and construed in the light most favorable to a plaintiff, Plaintiff in this case states no facts. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, Plaintiff must provide more than mere labels and conclusions, which is all that Plaintiff does here. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff provides very little to no factual description of the basis of his claims stating only that "City, County, State and Federal agents and actors have repeatedly conspired and usurped powers not bestowed upon them by the people." ECF No. 1-1 at 4. Plaintiff simply lists causes of

actions without stating the factual nature of his claims. *See id.* at 5. In the absence of any facts establishing wrongdoing under the Constitution, Plaintiff fails to establish the Court has subject matter jurisdiction over his claims. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

   C. <u>Plaintiff fails to state a claim against Sheriff Joseph Lombardo</u>.

In addition to failing to state sufficient facts to establish a basis for jurisdiction, Plaintiff's claims against Sheriff Lombardo fail because a supervisor is liable under § 1983 only upon a showing that the supervisor was personally involved in a constitutional violation or there was "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Uwah v. Las Vegas Metro. Police Dep't*, Case No. 2:20-cv-1773-JCM-NJK, 2021 WL 2546446, at *2 (D. Nev. June 18, 2021), *citing Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Because Plaintiff does not provide any facts describing Sheriff Lombardo's involvement in a constitutional violation or even mention Sheriff Lombardo beyond listing him as a Defendant in the action, Plaintiff fails to assert supervisory liability against Sheriff Lombardo. ECF No. 1-2 at 2. If Plaintiff chooses to file an amended complaint against Sheriff Lombardo, he must include factual details demonstrating Sheriff Lombardo personally participated in a constitutional violation against Plaintiff.

   D. <u>Plaintiff fails to state a claim against Las Vegas Metropolitan Police Department</u>.

To make out a claim under 42 U.S.C. § 1983 against Las Vegas Metropolitan Police Department ("LVMPD"), Plaintiff must allege a constitutional violation arising out of an official department policy or custom. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012); *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Clouthier*, 591 F.3d at 1249 (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring)). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who committed

3

the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).  Here, Plaintiff does not allege any facts suggesting that an official policy or custom of the LVMPD resulted in a constitutional injury or that any conduct amounted to the LVMPD's official policy.  Plaintiff also does not allege any facts committed by an official with final policy making authority.  For these reasons, Plaintiff's claims fail to state a claim against LVMPD under *Monell*.

If Plaintiff chooses to file an amended complaint against LVMPD, he must include factual details alleging that he was constitutionally harmed because of official LVMPD policy or custom.  The Court, therefore, dismisses his complaint with leave to amend.  Plaintiff is advised that he must provide the court with a proper factual and legal basis for his claims in his amended complaint.

### III.   ORDER

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

### IV.   RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED without prejudice with leave to amend.

IT IS FURTHER RECOMMENDED that the Clerk of the Court send Plaintiff the approved form for filing a § 1983 complaint and instructions for the same.

IT IS FURTHER RECOMMENDED that Plaintiff be given until **March 2, 2022** to file an amended complaint.  If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the word "Amended" above the words "Civil Rights Complaint" in the caption.

Plaintiff is advised that if he files an amended complaint that complaint must include all of the facts and all claims for relief Plaintiff seeks to assert in a form that complies with the instructions given above.  Upon filing an amended complaint, Plaintiff's original complaint no longer plays any role in this case.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to file an amended complaint by or before **March 2, 2022** that this matter be dismissed without prejudice in its entirety.

DATED THIS 31st day of January, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).