UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTONIO-LUIS FREIRE,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF JOSEPH LOMBARDO et al.,<br><br>Defendants. | Case No.: 2:22-cv-00159-APG-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE: ECF No. 5 |

On January 31, 2022, the Court considered and granted Plaintiff's *in forma pauperis* application, but recommended Plaintiff's Complaint be dismissed without prejudice and with leave to amend. ECF No. 3. On February 23, 2022, the Court adopted the recommendation of the undersigned. ECF No. 4. On February 28, 2022, Plaintiff filed an [Amended] Claim for Damages. ECF No. 5.

**I.    Screening the Amended Complaint**

When screening an amended complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. To survive dismissal a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and amended complaints, and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Whether an amended complaint is sufficient to state a claim is determined by taking all allegations of material fact as true and construing these facts in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the amended complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court may lack *sua sponte* to dismiss a claim when the claim, on its face is frivolous. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)) (in a fee-paid non-prisoner's complaint, if it appears from the pleadings and exhibits that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.") *Sua sponte* dismissal is appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Hagans*, 415 U.S. at 480.

Here, Plaintiff's [Amended] Claim for Damages is indecipherable. There is no identified cause or causes of action and no prayer for relief. Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(3) states that a complaint must include "a demand for relief sought … ." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).

Plaintiff's vague allegations of events starting seven or several years ago involving false arrests on unknown dates, involving ill-defined events, against unknown individuals, does not allow the Court to assess Plaintiff's amended claims against any pleading standard. Likewise general accusation of illegal conduct against Clark County Detention Center, the District Attorney's Office, and federal and state judges are impossible to screen. A review of Plaintiff's filing demonstrates it is impossible to reasonably decipher what it is Plaintiff alleges or, for that matter, what he seeks as the result of his allegations.

The Court screened Plaintiff's original Complaint and determined that he failed to establish jurisdiction and failed to state claims upon which relief could be granted. ECF No. 3. The Court

advised Plaintiff in its January 31, 2022 recommendation that he must provide the proper factual and legal basis for his claims in order for the Court to be able to screen an amended complaint. *Id*. The document filed at ECF No. 5 does not provide the information the Court requires. Plaintiff's filing fails to provide fair notice to any named defendant of any claim that may be defended.

**II.   Recommendation**

Accordingly, and based on the foregoing, IT IS HEREBY RECOMMENDED that, in light of the frivolous and delusional nature of Plaintiff's claims, Plaintiff's [Amended] Claim for Damages (ECF No. 5) be dismissed with prejudice.

DATED this 4th day of April, 2022.

 _____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).